**20SL-CC00837**

Electronically Filed - St. Louis County - February 04, 2020 - 02:56 PM

### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| CATHERINE KUEHN, | |
| And | |
| Plaintiff, | Cause No. |
| v. | PERSONAL INJURY VEHICULAR |
| CHERYL POLLARD | JURY TRIAL DEMANDED |
| And | |
| SWINGLINE TRANSPORT, LLC | |
| Serve:  Matthew Hektoen<br> 115 3rd Street SE<br> Cedar Rapids, IA 52401 | |
| Defendants. | |

<u>**PETITION**</u>

<u>**COUNT I**</u>

COMES NOW Plaintiff, Catherine Kuehn, by and through her attorneys, Kolker and Labovitz, and Brent E. Labovitz, and for her claim against Defendants, Cheryl Pollard and Swingline Transport, LLC, states as follows:

1.     At all times pertinent herein, Defendant Cheryl Pollard, was an agent, servant, and employee of Defendant Swingline, who, at all times pertinent to this lawsuit acted within the course and scope of his employment and agency.

502741 / 120129

**EXHIBIT 1**

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

2.     At all times pertinent herein, Interstate 44 eastbound, at or near its intersection with Shrewsbury Avenue, was an open and public street and highway located in the County of St. Louis, State of Missouri.

3.     On or about June 21, 2016, Plaintiff, Catherine Kuehn, was driving a motor vehicle eastbound on Interstate 44, at or near its intersection with Shrewsbury Avenue, in the County of St. Louis, State of Missouri, when Plaintiff was violently and abruptly struck by a vehicle being then and there operated by Defendant Pollard, causing Plaintiff to sustain severe damages.

4.     Defendant Pollard was negligent and failed to exercise the highest degree of care in one or more of the following respects:

    a.   Defendant Pollard knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision and time thereafter to have stopped, or swerved, or slack in speed, or sounded a warning, or slack and speed and swerved, or slack in speed and sounded a warning, or swerved and sounded a warning but Defendant failed to do so;

    b.   Defendant Pollard failed to keep a careful lookout;

    c.   Defendant Pollard failed to yield to the right of way;

    d.   Defendant Pollard lost focus on the task of driving safely;

    e.   Defendant Pollard drove at a reckless and careless speed; and

    f.   Defendant Pollard failed to drive at a safe speed for the conditions.

5.     Defendant Pollard breached his duty to the public and protected individuals such as Plaintiff by violating United States Department of Transportation Regulations.

502741 / 120129

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

6.      Defendant Pollard failed to meet the following Federal Regulations stated below, Defendant Pollard's failure to meet one or more of these regulations constitutes negligence which caused or contributed to cause the accident.

     a.  49 C.F.R. §392.1;

     b.  49 C.F.R. §392.7;

     c.  49 C.F.R. §392.6;

     d.  49 C.F.R. §383.110; and

     e.  49 C.F.R. §383.11(a).

7.      Defendant Pollard was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) damages.

8.      The operation of the tractor-trailer by Defendant Pollard and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

9.      The conduct of Defendant Pollard as described herein, specifically including violations of Missouri state law and the Federal Motor Carrier Safety Regulations as listed within this Complaint, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

10.     Because of Defendant Pollard's willful, wanton, and reckless behavior, and for his indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant Washington and to deter others from similar conduct.

11.     Defendant Pollard's reckless and intentional behavior, and his complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

12.     Such negligence of Defendant Pollard, in one or more of the respects submitted above, directly caused or directly contributed to cause Plaintiff to sustain multiple injuries including pain in her neck and back; medical and other healthcare related expenses have been incurred and in connection with said injuries Plaintiff will in the future incur additional monies for further medical care and services; all the aforesaid injuries are permanent and progressive and greatly interfere with Plaintiff's ability to enjoy life and she has and will continue to suffer pain and discomfort.

WHEREFORE, Plaintiff prays judgment against Defendant Pollard and Defendant Swingline, in such amount of money damages that are fair and reasonable under the circumstances, in an amount in excess of the jurisdictional limits of all inferior trial courts, plus aggravated (punitive) damages, cost expended herein, and for such other relief as may be appropriate under the circumstances.

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

<u>**COUNT II**</u>

<u>**VICARIOUS LIABILITY-DEFENDANT**</u>

<u>**SWINGLINE TRANSPORT, LLC**</u>

13.     Plaintiff incorporates and realleges paragraphs 1-12 as if fully set forth herein.

14.     At all times relevant herein, Defendant Pollard's actions were done within the scope of his employment and/or agency with Defendant Swingline and were done as a means of carrying out a job assigned to him by Defendant Swingline.

15.     As such, Defendant Swingline is vicariously liable for damages.

WHEREFORE, Plaintiff prays judgment against Defendant Swingline in such amount of money damages that are fair and reasonable under the circumstances, in an amount in excess of the jurisdictional limits of all inferior trial courts, prejudgment interests in accordance of law, cost expended herein and for such other relief as may be appropriate under the circumstances.

<u>**COUNT III**</u>

<u>**NEGLIGENT HIRING-RETENTION-DEFENDANT**</u>

<u>**SWINGLINE TRANSPORT, LLC**</u>

16.     Plaintiff incorporates and realleges paragraphs 1-15 as if fully set forth herein.

17.     At all times prior to the aforementioned collision, Defendant Swingline had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

18.     Such duties include, but are not limited to:

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

a)      To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)      To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means.  49 C.F.R. §391.23(a)(2), 391.23(c);

c)      To inquire into the agent's, servants, and/or employee's driving record within 30 days after employment begins.  49 C.F.R. §391.23(a);

d)      To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle.  49 C.F.R. §391.31(a);

e)      To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years.  49 C.F.R. §391.23(2);

f)      Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate.  49 C.F.R. §391.41; and

g)      Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

19.      Defendant Swingline had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiff, from unsafe operation of commercial motor vehicles by its driver.

20.      Defendant Pollard was unqualified to operate a commercial vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical condition.

21.      That, because of Defendant Pollard's aforementioned inadequacies, Defendant Swingline should not have hired him to operate a commercial motor vehicle.

502741 / 120129

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

22.     That Defendant Swingline knew, or through the exercise of ordinary care should have known that Defendant Pollard was unqualified to safely operate a commercial motor vehicle.

23.     That by failing to properly and adequately screen and investigate its drivers, including Defendant Pollard, before and during employment, Defendant Swingline violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

24.     Had Defendant Swingline obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Pollard was unqualified to safely operate a commercial motor vehicle.

25.     Defendant Pollard's negligent actions on the day of the collision with Plaintiff were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial vehicle.

26.     Defendant Swingline's actions and omissions in hiring Defendant Pollard, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiff resulting from the aforementioned motor vehicle collision.

27.     Defendant Swingline's actions and omissions in hiring Defendant Pollard, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

28.     Defendant Swingline's willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant Swingline's and to deter other similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Swingline in a fair and reasonable amount in excess of SEVENTY FIVE HUNDRED THOUSAND DOLLARS ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for her injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV

## NEGLIGENT TRAINING AGAINST DEFENDANT

## SWINGLINE TRANSPORT, LLC

29.      Plaintiff  incorporates and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count.

30.     Defendant Swingline owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Pollard, on the safe operation of a tractor-trailer.

31.     Defendant Swingline failed to properly instruct Defendant Pollard on the safe operation of a tractor-trailer.

32.     Defendant Swingline owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Pollard, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

33.     At all times prior to the aforementioned collision, Defendant Swingline had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

34.     Such duties include, but are not limited to:

    a)      To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

    b)      To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503; and

    c)      To ensure that its driers have been properly trained have shown proof of that training with a training certificate.  49 C.F.R. §380.505.

35.     Defendant Swingline had a duty to properly instruct its drivers, including Defendant Pollard, on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of commercial motor vehicle.

36.     Defendant Swingline failed to properly instruct Defendant Pollard on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

37.     Defendant Swingline owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Defendant Pollard.

38.     Defendant Swingline failed to provide adequate continuing safety courses to Defendant Pollard.

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

39.     Defendant Swingline had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

40.     Defendant Swingline breached its duty to the general public, including the Plaintiff, by its failing to properly train Defendant Pollard, Defendant Swingline's tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

41.     Based on Defendant Pollard's driving history, inadequate experience, and training, Defendant Swingline knew or had information from which Defendant Swingline, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, street, and highways.

42.     That Defendant Swingline was negligent in failing to properly train its drivers, including Defendant Pollard, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

43.     That Defendant Swingline was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

44.     That Defendant Pollard's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant Swingline failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

502741 / 120129

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

45.     These actions and omissions of Defendant Swingline relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

46.     Defendant Swingline's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action to punish Defendant Swingline and to deter others from similar conduct.

47.     Plaintiff's injuries were directly and proximately caused by Defendant Swingline's breach of and failure to comply with its duty to properly train Defendant Pollard, its tractor-trailer driver.

WHEREFORE, Plaintiff prays for judgment against Defendant Swingline in a fair and reasonable amount in excess of SEVENTY FIVE HUNDRED THOUSAND DOLLARS ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for her injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V

## NEGLIGENT SUPERVISON AGAINST DEFENDANT

## SWINGLINE TRANSPORT, LLC

48.      Plaintiff incorporates and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count.

49.     Defendant Swingline owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and

502741 / 120129

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

to discharge an incompetent or unsafe driver before he/she injured the public or property.

50.     Defendant Swingline had a duty to not require or permit a driver, including Defendant Pollard, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

51.     Defendant Swingline had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving.  49 C.F.R. §391.25.

52.     Defendant Swingline had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer.  49 C.F.R. §391.41, 391.43.

53.     Defendant Swingline had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51.

54.     Defendant Swingline had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

55.     Defendant Swingline had a duty to not allow or permit its on-duty drivers to be in possession of drugs as listed in 49 C.F.R. §392.4(a).

56.     Defendant Swingline had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law. 49 C.F.R. §392.6.

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

57.     Defendant Swingline had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including Plaintiff, from unsafe operation of commercial motor vehicles by its drivers.

58.     Defendant Swingline breached its above listing of duties to the general public, including the Plaintiff, by its failing to properly supervise Defendant Pollard, Defendant Swingline's tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

59.     Based on Defendant Pollard's driving history, lack of supervision and continued retention by his employer, Defendant Swingline knew or had information from which Defendant Swingline, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets, and highways.

60.     These actions and omissions of Defendant Swingline relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

61.     Defendant Swingline's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant Swingline and to deter others from similar conduct.

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

62.    Plaintiff's injuries were directly and proximately caused by Defendant Swingline's breach of and failure to comply with its duty to properly train Defendant Pollard, its tractor-trailer driver.

WHEREFORE, Plaintiff prays for judgment against Defendant Swingline in a fair and reasonable amount in excess of SEVENTY FIVE HUNDRED THOUSAND DOLLARS ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

KOLKER AND LABOVITZ

*/s/ Brent E. Labovitz*
BRENT E. LABOVITZ, #61468
7700 Bonhomme Ave. Suite 350
Clayton, Missouri 63105
(314) 727-4529 Telephone
(314) 727-8529 Facsimile
bel@kolkerlawfirm.com
Attorney for Plaintiff

**20SL-CC00837**

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### STATE OF MISSOURI

CATHERINE KUEHN,

And

      Plaintiff,

v.

CHERYL POLLARD

And

SWINGLINE TRANSPORT, LLC

Serve:  Matthew Hektoen
       115 3rd Street SE
       Cedar Rapids, IA 52401

      Defendants.

Cause No.

PERSONAL INJURY
VEHICULAR

JURY TRIAL DEMANDED

### <u>REQUEST FOR ISSUANCE OF SUMMONS</u>

      COMES NOW, Plaintiff requests a summons be issued for service upon Defendant, by serving:

**Swingline Transport, LLC**
**Matthew Hektoen**
**115 3rd Street SE**
**Cedar Rapids, IA 52401**

      Plaintiff further requests summons be returned to Plaintiff's attorney so it can be forwarded to the sheriff for service upon the Defendant.

Electronically Filed - St Louis County - February 04, 2020 - 02:56 PM

Respectfully submitted,
KOLKER AND LABOVITZ

/s/ Brent E. Labovitz
BRENT E. LABOVITZ #61468
7700 Bonhomme Ave. Suite 350
Clayton, Missouri 63105
(314) 727-4529 Telephone
(3140 727-8529 Fax
bel@kolkerlawfirm.com
Attorney for Plaintiff



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | **Case Number:  20SL-CC00837** |
| Plaintiff/Petitioner:<br>CATHERINE KUEHN | Plaintiff's/Petitioner's Attorney/Address:<br>BRENT EDWARD LABOVITZ<br>7700 BONHOMME AVE<br>STE 350<br>CLAYTON, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>SWINGLINE TRANSPORT, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Vehicular | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   SWINGLINE TRANSPORT, LLC
Alias:

**SERVE MATTHEW HEKTOEN**
**115 3RD STREET SE**
**CEDAR RAPIDS, IA  52401**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>**14-FEB-2020**</u>
**Date**
**Further Information:**
**AD**

_____
**Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   .
      ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
      ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____
   Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
   I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                      ☐ the judge of the court of which affiant is an officer.
      *(Seal)*        ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                         (use for out-of-state officer)
                      ☐ authorized to administer oaths.  (use for court-appointed server)

_____
                      Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  20SL-CC00837 |
|---|---|
| Plaintiff/Petitioner:<br>CATHERINE KUEHN | Plaintiff's/Petitioner's Attorney/Address:<br>BRENT EDWARD LABOVITZ<br>7700 BONHOMME AVE<br>STE 350<br>CLAYTON, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>SWINGLINE TRANSPORT, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  CHERYL POLLARD
                          Alias:

**115 3RD STREET SE**
**CEDAR RAPIDS, IA  52401**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>14-FEB-2020</u>
**Date**
**Further Information:**
**AD**

_____
                                             **Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   .
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
   I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                      ☐ the judge of the court of which affiant is an officer.
                      ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                         (use for out-of-state officer)
   *(Seal)*            ☐ authorized to administer oaths.  (use for court-appointed server)
_____
                                    Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - March 03, 2020 - 03:03 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

CATHERINE KUEHN,

And

      Plaintiff,

v.

CHERYL POLLARD

And

SWINGLINE TRANSPORT, LLC


    Defendants.

Cause No. 20SL-CC00837

PERSONAL INJURY
VEHICULAR

JURY TRIAL DEMANDED

<u>PROOF OF SERVICE</u>

COMES NOW Plaintiff and files herewith the Affidavit of Service of Summons on Defendant Swingline Transport, LLC.


Respectfully submitted,
KOLKER AND LABOVITZ

<u>/s/ Brent E. Labovitz</u>
BRENT E. LABOVITZ #61468
7700 Bonhomme Ave. Suite 350
Clayton, Missouri 63105
(314) 727-4529 Telephone
(3140 727-8529 Fax
bel@kolkerlawfirm.com
Attorney for Plaintiff

Electronically Filed - St Louis County - March 03, 2020 - 03:03 PM

Electronically Filed - St. Louis County - March 03, 2020 - 03:03 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 20SL-CC00837 |
|---|---|
| Plaintiff/Petitioner:<br>CATHERINE KUEHN | Plaintiff's/Petitioner's Attorney/Address:<br>BRENT EDWARD LABOVITZ<br>7700 BONHOMME AVE<br>STE 350<br>CLAYTON, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>SWINGLINE TRANSPORT, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  SWINGLINE TRANSPORT, LLC

SERVE MATTHEW HEKTOEN
115 3RD STREET SE
CEDAR RAPIDS, IA  52401

Alias:
→ *Simmons Perrine Moyer Bergman PLC*

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>14-FEB-2020</u>
Date
Further Information:
AD

_____
Clerk

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is **DEPUTY SHERIFF** of **LINN** County, **IOWA** (state).
3. I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to **MATTHEW HEKTOEN** (name) **REG. AGENT/ SIMMONS PERRINE  MOYER BERGMAN PLC** (title).

☐ other (describe)

Served at **115 3RD ST SE CEDAR RAPIDS, IA  SUITE 900** (address)
in **LINN** County, **IOWA** (state), on **2/26/20** (date) at **0950** (time).

**KEVIN LOUIS   57-213**                    **#57-213**
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Subscribed and Sworn To me before this **26** (day) **FEB** (month) **2020** (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

Electronically Filed - St. Louis County - March 03, 2020 - 03:03 PM

**RETURN OF SERVICE**
**Service Type: Corporation/Association**

Case Name Catherine Kuehn vs Swingline Transport L.L.C.

Case No.   20SL-CC00837

Date Rcvd: February 24, 2020

STATE OF IOWA
                        ss.
LINN COUNTY

I certify that I served a copy of Summons, Petition, Jury Demand-Filed in St Louis County, Missouri to
Swingline Transport L.L.C. by serving Matthew Hektoen, registered agent at Matthew Hektoen 115 3rd St. SE
Cedar Rapids, IA 52403 on 2/26/2020 @ 9:50 AM.

Fees:
Mileage ($1.15) Service Fee ($30.00) Total: $31.15

Brian D. Gardner, Sheriff, Linn County, Iowa



By _____

Deputy Sheriff     Kevin Louis

STATE OF IOWA   ) SS
COUNTY OF LINN  )
Subscribed and sworn to before me, a Notary Public by
the said  Deputy Kevin Louis # 57-213
this 26th day of  February , 20 20
_____
Notary Public in and for Linn County, Iowa

NICHOLE ANN KRIEGEL
COMMISSION NUMBER 821167
MY COMMISSION EXPIRES:
11/22/22

Fees charged to/paid by Atty/Party:
Kolker and Labovitz
7700 Bonhomme Ave.
Suite 350
Clayton, MO 63105